# IN THE COURT OF APPEALS OF IOWA

No. 15-0337
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH LASHAWN ROBERTS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Joseph Roberts appeals his conviction of robbery in the second degree and theft in the first degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

Joseph Lashawn Roberts was convicted following a jury trial of robbery in the second degree and theft in the first degree. He argues the district court erred in denying his motion for judgment of acquittal, alleging the State failed to prove he was the assailant.

"A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law." *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). If the verdict is supported by substantial evidence, we will uphold a finding of guilt. *Id.* We consider all of the evidence in the record, not just the evidence supporting the verdict. *See State v. Hearn*, 797 N.W.2d 577, 579 (Iowa 2011).

The assailed party identified Roberts from a photo line-up, and surveillance video placed Roberts at the scene around the time the incident occurred. The evidence considered as a whole was such that "a reasonable person could find guilt beyond a reasonable doubt." *Id.* at 580 (citation omitted). The credibility of the witnesses as to identity was a matter properly entrusted to the jury. *See State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005). When viewing the evidence in the light most favorable to the State, as we must, the evidence is sufficient to support the jury's finding that Roberts was the assailant. *See State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005) (noting the court must view the "evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence" (citation omitted)). The trial court committed no error in denying Roberts's motion for judgment of acquittal.

Accordingly, we affirm pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**